FILED

2014 SEP 15 PM 2: 14

1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
STEPHEN H. TURNER, SB# 89627
2   E-Mail: Stephen.Turner@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
3 Los Angeles, California 90012
Telephone: 213.250.1800
4 Facsimile: 213.250.7900

5 Attorneys for Defendants Norman Direct, LLC,
Christopher Morgan, LLC and Christopher M.
6 Rebholz

7

8                    UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10                            CV14-1917 MMM KKx

| | |
|---|---|
| 11 SEVAG DEMIRJIAN, individually and on behalf of all others similarly situated,<br><br>12          Plaintiffs,<br><br>13<br><br>14        vs.<br><br>15 NORMAN DIRECT, LLC, a Wisconsin Limited Liability Company; CHRISTOPHER MORGAN, LLC, a Wisconsin Limited Liability Company; CHRISTOPHER M. REBHOLZ; an individual; and DOES 1-100, Inclusive,<br><br>18          Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL** |

19

20       In accordance with 28 U.S.C. §§ 1332, 1348, 1441, and 1446, and 1453, defendants

21 Norman Direct, LLC, Christopher Morgan, LLC, and Christopher M. Rebholz ("Norman Direct"),

22 preserving all jurisdictional objections and other defenses and through their counsel of record,

23 Lewis Brisbois Bisgaard & Smith LLP, hereby give notice to this Court, the Clerk of the Superior

24 Court in and for San Bernardino County, and Plaintiff Sevag Demirjian ("Plaintiff"), of Norman

25 Direct's removal of the state court action commenced in the Circuit Court in and for San

26 Bernardino County, California, entitled *Sevag Demirjian, individually and on behalf of all other*

27 *similarly situated v. Norman Direct, LLC, a Wisconsin Limited Liability Company; Christopher*

28 *Morgan, LLC, a Wisconsin Limited Liability Company; Christopher M. Rebholz; an individual;*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *and Does 1-250, Inclusive*, Case No. CIVDS1411874, to the United States District Court for the

2  Central District of California. In support of this Notice of Removal, Norman Direct respectfully

3  states as follows:

4  ### Summary of Basis for Federal Court Jurisdiction

5  1.    In accordance with 28 U.S.C §§ 1332(d)(2), 1446, and 1453, Norman Direct

6  removes this putative class action to this Court in accord with the prerequisites for federal

7  jurisdiction established by the Class Action Fairness Act ("CAFA"), on the basis that (a) the

8  amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (b)

9  minimal diversity exists because both the named Plaintiffs as well as multiple unnamed members

10  of the putative class are citizens of a State different from the Defendants, Norman Direct, LLC,

11  Christopher Morgan LLC, and Christopher Rebholz; (c) the number of the members of the

12  proposed Plaintiff class substantially exceeds 100 persons; (d) none of the Defendants, Norman

13  Direct, LLC, Christopher Morgan, LLC, or Christopher Rebholz, are either a State, a State official,

14  nor a governmental entity against whom the district court would be foreclosed from ordering

15  relief; and (e) none of the exceptions to CAFA jurisdiction applies. The Summons and Complaint

16  are attached to this Notice of Removal as Exhibit A.

17  ### Summary of Demands in the State Court Complaint

18  2.    The putative "Class Action Complaint" that the Plaintiff filed in San Bernardino

19  Superior Court on August 7, 2014, arises out of the Plaintiff's alleged purchase from Norman

20  Direct of a product called an "Easy HD Visor."[1] (*See* Exhibit A, Compl. ¶ 43.). The Complaint

21  asserts claims for violation of unfair competition law, false and misleading advertising, violation

22  of the California Legal Remedies Act, and common law fraud, and seeks compensation for the

23  ---

24  [1] The name of the product that the Plaintiff alleges he purchased, an "Easy HD Visor," was changed to "Easy View XT" in approximately April 2014, although the product remained otherwise unchanged. *See* Declaration of Brian Wargula ("Wargula Decl.") ¶ 3, filed contemporaneously with this Notice of Removal.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Plaintiff's alleged losses, treble damages, punitive damages, and attorneys' fees. (Compl. ¶¶ 56-

2   100, p. 30)

3        3.     The Plaintiff seeks to represent a putative class of "tens of thousands" of alleged

4   California purchasers of the Easy View XT product.  The Plaintiff defines the putative class as:

5   "All individuals who reside in the State of California and purchased Easy HD Visor for personal

6   use and not for resale, since August 2010." (Compl. ¶ 47)

7

8   **Timely Removal**

9        4.     Within 30 days of the date this Notice of Removal was filed, Norman Direct

10   received a copy of the Summons and Complaint in the state court action in the mail, which was

11   postmarked August 13, 2014.  This Notice of Removal is timely under 28 U.S.C. § 1446(b)

12   because it is filed within 30 days of service of process.  *Murphy Bros., Inc. v. Michetti Pipe*

13   *Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

14   **CAFA Federal Court Jurisdiction**

15        5.     CAFA provides a basis for original jurisdiction over putative class actions in which

16   there is minimal diversity, the amount in controversy exceeds the sum or value of $5,000,000,

17   exclusive of interest and costs, and there are 100 or more proposed class members.  *See Abrego*

18   *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 678 (9th Cir. 2006); *Kuxhausen v. BMW Fin. Servs.*

19   *NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

20

21        6.     Further, and without excusing the Plaintiff of his burden of proof on the point, none

22   of the exceptions to CAFA jurisdiction applies.  Because the Court has original jurisdiction over

23   this action, it is properly removable pursuant to 28 U.S.C. §§ 1441(a) and 1453.

24        7.     Norman Direct, as the party seeking removal under diversity, bears the burden of

25   showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory

26   amount.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (citing *Guglielmino*

27   *v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**A.      Norman Direct has demonstrated minimal diversity of citizenship.**

8.      Norman Direct, LLC and Christopher Morgan, LLC, both now and at the time of the filing of the complaint, are citizens of the State of Wisconsin based on their status as Wisconsin limited liability companies domiciled in and organized under the laws of this State, each with its principal place of business at 16595 W. Stratton Dr., New Berlin, Wisconsin. (*See* Compl. ¶¶ 6-7.)

9.      Christopher Rebholz, both now and at the time of the filing of the Complaint, is a citizen of the State of Wisconsin and is domiciled in the State of Wisconsin. (*See* Compl. ¶ 8.)

10.      The named plaintiff, Sevag Demirjian, both now and at the time of the filing of the complaint, is a citizen of the State of California, residing in the State of California. (*See* Compl. ¶ 5.) Further satisfying CAFA minimal diversity, the unnamed members of the proposed class are both now and at the time of the filing of the complaint, citizens of the State of California.

11.      In accordance with 28 U.S.C. §§ 1332(d)(2)(A) and (d)(7), the minimal diversity requirements of CAFA are satisfied because the Plaintiff or any other member of the proposed class is a citizen of a state other than the State of Wisconsin.

**B.      The amount in controversy requirement is satisfied.**

12.      The CAFA amount in controversy threshold is satisfied here because the amount placed in controversy by the allegations and demands contained in the Plaintiffs' Complaint substantially exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C §§ 1332(d)(2) and (d)(6).

13.      If the allegations of a state court complaint lack merit and there is no legal or factual basis for the damages and relief claimed in the complaint, CAFA jurisdictional requirements are still satisfied. The amount in controversy is evaluated based on what the plaintiff is *claiming* (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

395, 400 (9th Cir. 2010) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir.2008).

14.    The complaint demands damages in the form of restitution, actual damages, treble damages, punitive damages, and attorneys' fees.  The projected total gross sales from Norman Direct's sale of Easy View XT products to consumers in California through December 31, 2015 is between $1,884,597 and $2,034,597. (*See* Wargula Decl. ¶¶ 4-8.)  Plaintiff's allegations and request for relief seeks to recover the full amount of these sales as actual damages and restitution. Trebling these amounts puts the amount in controversy somewhere between $5,653,791 and $6,103,791.  In addition, Plaintiff seeks to recover punitive damages and attorneys' fees. Accordingly, the amount in controversy based on the Plaintiff's claims and request for relief, substantially exceeds $5,000,000, exclusive of interest and costs.

15.    Norman Direct's acknowledgement that the Complaint in this action asserts allegations satisfying CAFA's amount in controversy requirement is not a validation of the Plaintiff's claimed entitlement to damages, nor is it a concession by Norman Direct that there is any validity to the Plaintiff's demand for damages or other relief. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.")). To the contrary, Norman Direct unequivocally rejects and challenges the validity of Plaintiff's allegations of liability, damages, and claimed entitlement to attorneys' fees, notwithstanding the state court complaint's satisfaction of the jurisdictional requirements of CAFA.

## C.    Plaintiff alleges a putative class of more than 100 class members.

16.    The Plaintiff expressly alleges that the number of members in the proposed class "is at least in the tens of thousands" (Compl. ¶ 49), thus establishing CAFA's requirement that there must be at least 100 members of the proposed class. *See* U.S.C. § 1332(d)(5)(B).

**No CAFA Exception Prevents Jurisdiction**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

17.     Although it is the plaintiffs' burden to establish that one of the statutory exceptions to CAFA jurisdiction exists, *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007), a review of the Complaint confirms that none of the discretionary or mandatory exceptions to CAFA applies here.  *See* 28 U.S.C. §§ 1332(d) and 1453(d).

### Norman Direct Has Complied with All Remaining Requirements for Removal

18.     Removal is appropriate to this Court because the United States Court for the Central District of California embraces the district in which the State Court action was pending. 28 U.S.C. § 1441(a).

19.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of San Bernardino County.

WHEREFORE, Norman Direct advises the Court that this action has been removed from the Superior Court for San Bernardino County to the United States District Court for the Central District of California.

Dated this 15th day of September, 2014.

/s/Stephen H. Turner
Stephen Turner

*Attorneys for Defendants Norman Direct, LLC, Christopher Morgan, LLC, and Christopher M. Rebholz*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NORMAN DIRECT, LLC, a Wisconsin Limited Liability Company;
(see attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SEVAG DEMIRJIAN, individually and on behalf of all others similarly
situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

AUG ~~1 0~~ 2014

BY ~~Ebony Shaw~~
EBONY SHAW, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Superior Court

**CASE NUMBER:**
*(Número del Caso):* CIVDS1411874

247 West Third Street,
San Bernardino, CA 92415

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gillian Wade/Allison Willett, 2800 Donald Douglas Loop North, Santa Monica, CA 90405 Tel: 310-396-9600

DATE: AUG 0 6 2014    Clerk, by    Ebony Shaw    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation)   [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)

[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SEVAG DEMIRJIAN v. NORMAN DIRECT, LLC, et. al | |

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CHRISTOPHER MORGAN, LLC; a Wisconsin Limited Liability Company; CHRISTOPHER M. REBHOLZ; an individual; and DOES 1-250, Inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  **MILSTEIN ADELMAN, LLP**
   Gillian L. Wade, State Bar No. 229124

2  gwade@milsteinadelman.com
   Allison R. Willett, State Bar No. 238430

3  awillett@milsteinadelman.com
   2800 Donald Douglas Loop North

4  Santa Monica, California 90405
   Telephone: (310) 396-9600

5  Fax: (310) 396-9635

6  *Attorneys for Plaintiff,*
   *Sevag Demirjian and the Proposed Class*

7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

Aug    6 2014

BY    Ebony Shaw
        EBONY SHAW, DEPUTY

8

9          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                COUNTY OF SAN BERNARDINO

11  SEVAG DEMIRJIAN, individually and on
    behalf of all others similarly situated,

12

13             Plaintiffs,

14      v.

15  NORMAN DIRECT, LLC, a Wisconsin
    Limited Liability Company; CHRISTOPHER

16  MORGAN, LLC; a Wisconsin Limited
    Liability Company; CHRISTOPHER M

17  REBHOLZ; an individual; and DOES 1-100,
    Inclusive,

18

19             Defendants.

20

21

22

23

24

25

26

27

28

CASE NO.    CIVDS1411874

**CLASS ACTION**

**CLASS ACTION COMPLAINT**

1. VIOLATION OF CALIFORNIA
BUSINESS & PROFESSIONS CODE
SECTION 17200, ET SEQ.

2. VIOLATION OF CALIFORNIA BUSINESS
& PROFESSIONS CODE SECTION 17500, ET
SEQ.

3. VIOLATION OF CALIFORNIA CIVIL
CODE SECTION 1750, ET SEQ.

4. COMMON LAW FRAUD

**JURY TRIAL DEMANDED**

---

CLASS ACTION COMPLAINT

1

2      Plaintiff SEVAG DEMIRJIAN, individually and on behalf of all others similarly situated

3  (collectively referred to herein as "Plaintiff(s)"), hereby complains against NORMAN DIRECT,

4  LLC, CHRISTOPHER MORGAN, LLC, CHRISTOPHER M REBHOLZ, and Does 1-250

5  (sometimes collectively referred to herein as "Defendants") for unlawful, unfair, and deceptive

6  business practices in violation of California Business & Professions Code Section 17200 et seq.,

7  California Business & Professions Code Section 17500 et seq., California Civil Code Section

8  1750 et seq., and the common law, and alleges as follows:

9

10                                **INTRODUCTION**

11      1.      This is a class action to stop Defendants' deceptive and fraudulent sales tactics,

12  and unlawful business practices for their product called the Easy HD Visor[1] (sometimes referred

13  to hereinafter as the "Product").  Unfortunately for consumers, Defendants utilize a variety of

14  sales tricks to sell Easy HD Visor, including a "buy one, get one free" offer that conditions the

15  "free" product on unlawful and unreasonable shipping and handling charges in violation of

16  California law.

17      2.      In point of fact, Defendants' entire system to sell the Easy HD Visor is a carefully

18  crafted scam to take advantage of unsuspecting consumers from every aspect of the sales funnel:

19  from a deceptive ordering and up-sell process, to the willful and unlawful overcharging of the

20  shipping and processing fees.  Defendants know most consumers will do nothing to right these

21  wrongs, because the cost of doing so is too high relative to the amount spent, and because their

22  sales "system" makes it nearly impossible to do so.  Accordingly, relief by class action is

23  appropriate.

24      3.      The deceptive sales process and shipping and processing overcharges are a secret

25  profit center for Defendants, resulting in millions of dollars in ill-gotten gains.  This "profit" is

26  multiplied because Defendant Rebholz owns and controls both the marketing company (Norman

27  _____

28  [1] The Product has undergone various name changes including Easy View HD, Easy HD Visor, and Easy View XT. The various names are interchangeable for the same Product.

- 1 -
**CLASS ACTION COMPLAINT**

1  Direct, LLC) and the fulfillment/distribution company (Christopher Morgan, LLC).   Thus,

2  Rebholz controls both the prices paid by consumers as well as the prices/costs on the back end of

3  each transaction.

4      4.    Plaintiff seeks an injunction preventing defendants from continuing these

5  deceptive practices, damages, restitution, and related equitable relief.

6  **PARTIES**

7      5.    Plaintiff Sevag Demirjian is, and at all times relevant hereto was, an individual

8  residing in the State of California.

9      6.    Plaintiff is informed and believes that defendant Norman Direct, LLC ("Norman

10  Direct") is a Wisconsin limited liability company having a principal place of business at 16595

11  West Stratton Drive, New Berlin, Wisconsin 53151. Norman Direct is the owner and distributor

12  of the Easy HD Visor and is the company that created and/or authorized the false, misleading and

13  deceptive advertisements and sales process for the Easy HD Visor.  Norman Direct does business

14  in California by advertising and selling the Easy HD Visor products to consumers in California,

15  including in the county of San Bernardino, and nationwide.

16      7.    Plaintiff is informed and believes that defendant Christopher Morgan, LLC

17  ("Christopher Morgan") is a Wisconsin limited liability company having a principal place of

18  business at 16595 West Stratton Drive, New Berlin, Wisconsin 53151. Christopher Morgan is the

19  distributor and fulfillment company for the Easy HD Visor and is the company that created and/or

20  authorized the false, misleading and deceptive advertisements, and sales process for the Easy HD

21  Visor.  Christopher Morgan, LLC does business in California by advertising and selling the Easy

22  HD Visor products to consumers in California, including in the county of San Bernardino, and

23  nationwide.

24      8.    Plaintiff is informed and believes that defendant Christopher Rebholz ("Rebholz")

25  in an individual residing in Wisconsin.   Defendant Rebholz is the owner and founder of

26  Defendants Norman Direct and Christopher Morgan. Rebholz created and/or authorized the false,

27  misleading and deceptive advertisements, and sales process for the Easy HD Visor.  There is no

28

- 2 -

**CLASS ACTION COMPLAINT**

1    distinction between Rebholz, Norman Direct and Christopher Morgan. On information and

2    belief, Rebholz profits directly from each sale of Easy HD Visor.

3          9.    The true names and capacities, whether individual, corporate, associate or

4    otherwise of certain manufacturers, distributors and/or their alter egos sued herein as DOES 1

5    through 250 inclusive are presently unknown to Plaintiff who therefore sues these Defendants by

6    fictitious names. Plaintiffs will seek leave of this Court to amend the Complaint to show the true

7    names and capacities of said Doe Defendants when the same have been ascertained. Plaintiffs are

8    informed and believes and based thereon allege that DOES 1 through 250 were authorized to do

9    and did business in the State of California, including, but not limited to, the county of San

10    Bernardino. Plaintiffs are further informed and believes and based thereon allege that DOES 1

11    through 250 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the

12    events, happenings and damages hereinafter set forth below.

13          10.    Plaintiffs are informed and believe and based thereon allege that at all times

14    relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate,

15    partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining

16    Defendants and was acting in such capacity in doing the things herein complained of and alleged.

17          11.    In committing the wrongful acts alleged herein, Defendants planned and

18    participated in the furthered a common scheme by means of false, misleading, deceptive and

19    fraudulent representations to induce members of the public to purchase the Product. Defendants

20    participated in the making of such representations in that each did disseminate or cause to be

21    disseminated said misrepresentations. Indeed, since the first time that the Product was advertised,

22    Defendants have been aware that the shipping and handling charges for the Products were

23    unreasonable and did not reflect their actual costs.

24          12.    Defendants affirmatively misrepresented the Product in order to convince the

25    public to purchase and use the Product, resulting in profits to Defendants, all to the damage and

26    detriment of the consuming public. Thus, in addition to the wrongful conduct herein alleged as

27    giving rise to primary liability, Defendants further aided and abetted and knowingly assisted each

28    other in breach of their respective duties and obligations and herein alleged.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over this class action pursuant to California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts. Plaintiff resides in the State of California and has standing to bring this action pursuant to California Business & Professions Code Section 17200 *et seq.*, Business & Professions Code Section 17500 *et seq.*, and California Civil Code Section 1750 *et seq.*

14.    Venue is proper in this Court because Defendants have conducted substantial business in San Bernardino County. Defendants received substantial compensation from sales in San Bernardino County and Defendants made numerous misrepresentations which had a substantial effect in San Bernardino County, including, but not limited to, television, and internet advertisements.

15.    Other out of state participants can be brought before this Court pursuant to the provisions of Code of Civil Procedure § 395.5.

## FACTUAL ALLEGATIONS

### A.    BACKGROUND

16.    The direct response ("DR") business, a.k.a the "As Seen on TV" industry, is a multi-billion-dollar per year enterprise. Unlike traditional marketing, which seeks to build brand recognition for products and companies, DR advertisements are designed to initiate the buyer to contact the seller directly to purchase products or services. Direct-response marketing is delivered through a wide variety of media, including television ("DRTV"), radio, mail, print advertising, telemarketing, catalogues, and the Internet.

17.    As such, DR marketing is differentiated from other marketing approaches because it is designed to generate an immediate response from consumers, where each consumer response (and purchase) can be measured, and attributed to individual advertisements.

18.    DR marketers utilize sophisticated, statistical media testing and consumer research to select the products they market along with their corresponding advertising pitches. Typically, direct-response marketers will test multiple versions of a particular advertisement, as well as call

- 4 -

center scripts and Internet landing/order pages, on late night television and the Internet. Ultimately, if the testing data meets certain industry benchmarks, the marketers know they have a "winning" product and advertising spot.

19.     The data from the media testing is comprehensively analyzed to tweak the product advertising with claims that DR marketers know (and verify through the testing) are material to consumers and lead to the highest conversion rates for a particular ad.   Indeed, comparing the testing data with historical industry data, direct-response marketers know that for a "winning" product/spot, they will secure the maximum ratio of revenue per advertising dollar spent.

20.     After maximizing direct purchaser revenue from the DRTV program in 6-12 months, DR marketers ultimately seek to "roll out" their products into nationwide retailers such as Walmart, Walgreens, K-Mart, and CVS—cashing-in with seven- and eight-figure distribution deals.  Not surprisingly, this lucrative industry has attracted droves of carnival-style "pitchmen" who hawk a variety of contraptions, pills, potions, machines and other products that purport solve common household problems.

21.     In addition to slick advertising claims, the industry utilizes a plethora of sales tricks in their telephone and online ordering systems to extract excessive shipping and processing charges, upsells, and other fees from unsuspecting consumers.  These swindles are a hidden profit center for the industry.  In many cases, these fees exceed the purchase price of the products themselves.

22.     As set forth herein, Defendants have deployed a systematic and uniform deceptive advertising campaign for Easy HD Visor, utilizing several unfair and unlawful business practices, including, without limitation, shipping & handling overcharges, call center and web ordering upsell tricks.

23.     Throughout the Class Period, Defendants have bilked consumers out of millions of dollars with this shipping and handling and upsell scam. Plaintiff brings this action to enjoin Defendants' deceptive business practices and prevent further injury to consumers.

**B.     THE MARKETING AND ADVERTISING OF THE PRODUCT**

24.     Defendants employ a uniform, nationwide advertising campaign for Easy HD Visor. The primary advertising vehicle for the Product is "DRTV"-style television and Internet commercials.

25.     On information and belief, the Product advertising was tested using the standard media testing processes employed by DR marketers to ensure that the advertisements contain claims that are material to reasonable consumers, and the call center and internet order process result in maximum consumer sales.

26.     On information and belief, Defendants' media testing results for the Product ads will demonstrate that the advertising claims and offers are communicated in the manner that yields the maximum ratio of revenue per advertising dollar spent.

27.     Defendants' advertising makes several claims for the Product, including:

a.     "Uh oh. You're behind the wheel and the sun is so bright you're blinded by the light and can't see a thing. Your visor doesn't stop it so you dare to drive right into the glare (we hear the sound of a car-crash)."

b.     "Stop blinding sun and dangerous glare with Easy View HD. The amazing, fast flip-down glare-blocker that blocks sun glare in a split second. Just slide EasyView HD on to any visor and that's it, it stays sure and secure. No tools or assembly required. With just a flip you've got the sun and glare neutralizing protection you need at your fingertips."

c.     "Traditional car sun visors block your view and impede your vision. Easy View HD is made of clear acrylic that you can see right through with the perfect tint to diffuse light and glare so you can keep the road ahead in clear view."

d.     "Look. Morning sun makes it impossible to see but you always have a clear view with Easy View HD. With late afternoon glare you can't see what's ahead. But with Easy View HD you'll be amazed at what you'll see instead. It even reduces glare from oncoming headlights at night."

- 6 -

1    28.    Finally, Defendants' ads contain a "buy one, get one free" pitch.  The commercial

2    states: "Order right now and we'll double the offer and send a second Easy View HD for the

3    passenger side and it's yours free, just pay separate processing and handling.  You get two Easy

4    Glare HD Blockers a $30 value for just $10.  Here's how to order." The following language

5    appears on screen:





C.    **DEFENDANTS' SALES PRACTICES ARE UNFAIR AND UNLAWFUL**

27    29.    Defendants deploy a myriad of deceptive sales tactics for the Product.  As veterans

28    of the direct response marketing and fulfillment industry, Defendants know that these sales tricks

-7-

1    are a hidden profit center and enable Defendants to extract additional ill-gotten gains from

2    consumers on every transaction.  In truth, the Product advertising is simply a vehicle to rope

3    consumers into Defendants' underhanded sales system of upsells and fees.

4           *1.     The Unlawful "Free" Offer*

5           30.     Defendants advertise that one Easy HD Visor costs $10.00 plus shipping and

6    processing. Through a "special" offer, Defendant claims that consumers also receive a second

7    Easy HD Visor "free" with order. The second item, however, is not "free". Consumers must pay

8    an additional $7.95 "processing" for the second item.

9           31.     In other words, the true offer is not two visors for $10.00 ("2 for the price of 1" or

10   "You get two Easy Glare HD Blockers...for just $10"), but rather two Easy HD Visor s for

11   $25.90. Defendants' order systems never give consumers the opportunity to reject the "bonus"

12   offers. In fact, Defendants prepackage Easy HD Visor in boxes of two for shipping. <u>Thus, there</u>

13   <u>is no "free" or special offer.</u>  Defendants' additional "processing" charges for the "free" visors

14   and additional items are fraudulent.

15          32.     Because the "bonus" offers are conditioned on excessive and unreasonable

16   shipping and processing fees, Defendants violate Business & Professions Code §17537.

17          *2.     Shipping And Processing Overcharges*

18          33.     Defendants' shipping and processing ("S&P") charges are excessive and do not

19   reflect Defendants' actual costs. As described above, the "processing" charges for each "bonus"

20   item does not reflect Defendants' actual costs and Defendants unlawfully condition the "bonus"

21   offer (which Defendants provide consumers no opportunity to reject), on the unreasonable

22   "$7.95" processing charge. In fact, because the product is prepackaged in "sets", there is no

23   additional "processing" necessary to send the item. Moreover, because Defendant Rebholz

24   controls both the marketing company and the fulfillment company, any additional "processing"

25   costs are illusory.

26          34.     Setting these charges artificially high benefits Defendants in two ways. First, S&P

27   charges become a secret profit center for Defendants. Second, because the S&P charges are non-

28   refundable, consumers cannot unwind the transactions without incurring a substantial loss.

35. When a consumer is dissatisfied with his order, either because Easy View HD is not as represented, he received more visors than he ordered, or both, he faces an unsatisfactory choice. He can right the wrong if he returns the products promptly. However, the cost of doing so is high: he will lose the excessive S&P charges he has already paid, and incur a return shipping charge at a high single order rate. Ultimately, correcting the wrong would cost approximately 3/4 of the total order cost.

36. Alternatively, the consumer can simply bear the loss and endure a sense of violation. By setting up the S&P charges the way they have, Defendants effectively- and deliberately - chill consumers from taking action to return the misrepresented products or unintended purchases.

### 3. Deceptive Online Order Process

37. Defendants employ deceptive online ordering systems for Easy HD Visor. These systems are fully automated to ensure that every consumer who orders Easy HD Visor online does not see the full description of the offer details. When the consumer clicks on "Order Now" the website locks the screen so the offer details remain hidden at the very bottom of the page. The offer details are still clearly out of view after the consumer enters their payment information and clicks the "process order" button. These online ordering systems are carefully designed based on consumer testing data to ensure the highest conversion and upsell rates.

38. Contrary to the Easy View HD advertising, with shipping and processing, the actual cost of Easy View HD is not $10.00, but rather a minimum order of $25.90. Defendants never advise consumers of this total cost in the Easy View HD television advertising or the online ordering process.

39. After the initial "bonus" offer, Defendants' automated system then peppers consumers with a variety of upsells for additional visors, "protection against damage" fees, and related offers. Each of these upsells comes with additional fees or "processing" charges.

40. Defendants never give the consumer an opportunity to review, edit or cancel her final order, or even to review the total charge to be billed to her credit card. Thus, regardless of whether a consumer accepts or rejects each bonus item, the consumer has no idea of the total

1 charge of his final order.

2  41. To ensure that surprised consumers cannot timely correct their unintended

3 purchases, Defendants ensure that they are unreachable via telephone or any other means. When

4 the consumer calls the telephone numbers provided, the customer cannot reach a human being

5 regarding the unauthorized charges. In other words, on information and belief, Defendants' entire

6 ordering system is designed to result in unintended purchases and charges that consumers cannot

7 readily correct.

8  42. Consumer internet sites are littered with complaints about the deceptive order

9 process, for example:

10  a. "Double charging for items and not returning calls. Contacted them to tell them it

11  was over charged and they never refunded money. Item total charge should have been

12  $25.90 and was charged $51.80 back in January and no refund has been made" *See*

13  http://www.ripoffreport.com/r/EZ-View-HD/Milwaukee-Wisconsin-53221/EZ-View-HD-

14  Over-Charged-Milwaukee-Wisconsin-1132904.

15  b. "Typical TV infomercial scam. They offer a sun glare visor for your car for $10.00

16  plus $7.95 shipping. They try to get you to buy more of their stuff for am additional $7.95

17  shipping before they place your order. I ordered ONE visor and should only have been

18  charged $7.95 shipping. Instead, the charged me double that at $15.90 for a total of $25.90

19  for ONE of their crumby visors. They do not answer their customer service phone number

20  and you cannot access their email address. Just a quick way of ripping you off and making

21  themselves totally unavailable." *See* http://www.ripoffreport.com/r/Easy-View-

22  HD/Milwaukee-Wisconsin/Easy-View-HD-Located-in-Milwaukee-Wisconsin-Typical-

23  TV-infomercial-scam-Milwaukee-Wisc-1128208.

24  c. "I purchased online. I was under the impression, per TV advertising, that I could

25  purchase one for $10 and get the second free for only an additional shipping and

26  handling…. Entered my credit card information, hit the purchase button, was NOT shown

27  what I was ordering, but got informed that I had just purchased 4 (FOUR) visors at $10

28  each (where were my free ones if I were purchasing two sets which I only wanted one of).

and of course paying $7.95 for each of the 4 visors for shipping.

Today I tried to contact them, charges already pending against my charge card. I have two phone numbers, one range, answered and said I was in line. After a time, it rolled to only ringing. I let it ring 45 minutes. The second one only rings." *See* http://www.ripoffreport.com/r/easy-view-hd/milwaukee-wisconsin-53221/easy-view-hd-ez-view-hd-said-second-visor-free-just-pay-shipping-but-ended-up-charged-1127813.

**D.    PLAINTIFF'S PURCHASE OF EASY HD VISOR**

43.    Plaintiff Sevag Demirjian was duped into purchasing the Easy HD Visor in 2014. Plaintiff purchased two Easy HD Visors in California from Defendants via Defendants' online website and was charged $25.90. In choosing to purchase the Easy HD Visor, Plaintiff relied on the claims in Defendants' television advertisements for the Easy HD Visor and visited the website provided by Defendants to order the product.

44.    At no point during the ordering process was Plaintiff given the opportunity to review his order or provided his total order charge.

45.    In fact, prior to finalizing the purchase, Plaintiff was shown an amount less than $25.90 but it was not until the transaction was complete that Plaintiff was shown his final charge of $25.90.

46.    Plaintiff lost money in the amount of the purchase price of the Product, shipping and handling charges, and tax. Plaintiff would not have purchased the Product if had he known that Defendants' claims about the Product were misleading, or that the shipping & handling charges were excessive and did not reflect their actual cost.

<b>CLASS ACTION ALLEGATIONS</b>

47.    Plaintiff brings this class action on behalf of themselves, and as a class action on behalf of the following putative class (collectively hereafter the "Class"):

> All individuals who reside in the State of California and purchased Easy HD Visor for personal use and not for resale, since August 2010.

48.    Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration or a refund from the Defendants.

- 11 -

<b>CLASS ACTION COMPLAINT</b>

49. **Numerosity:** Plaintiff does not know the exact number of members of the putative Class. Due to the nature of the trade and commerce involved, however, Plaintiff is informed and believes that the total number of Class members is at least in the tens of thousands, and that members of the Class are numerous and geographically dispersed throughout California and the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, including Defendants' records. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

50. **Well-defined Community of Interest:** There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff Class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

   a. Whether Defendants falsely advertise Easy HD Visor and "free" offer;

   b. Whether Defendants' mass media advertising and/or the packaging for Easy HD Visor is misleading and deceptive;

   c. Whether Defendants' labeling and/or packaging for Easy HD Visor is misleading, false and/or illegal;

   d. Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices in marketing and distributing Easy HD Visor;

   e. Whether Defendants engaged in false advertising with respect to Easy HD Visor;

   f. Whether Defendants' representations, concealments and non-disclosures concerning Easy HD Visor are likely to deceive the reasonable consumer;

   g. Whether Defendants' representations, concealments and non-disclosures concerning Easy HD Visor are material;

   h. The nature and extent of damages and other remedies to which the wrongful conduct of Defendants entitles the Class members;

   i. Whether Defendants' representations, concealments and non-disclosures concerning Easy HD Visor violate the FAL, CLRA, and/or the UCL;

- 12 -

j. Whether Defendants' unreasonable shipping and processing charges and "free" offer violated Cal. Bus. & Prof. Code § 17537 et seq.;

k. Whether the Class are entitled to injunctive relief prohibiting the challenged wrongful practices and enjoining such practices in the future;

l. Whether the Class are entitled to damages;

m. Whether the Class is entitled to actual damages (trebled) for Defendants' violation of Cal. Bus. & Prof. Code § 17537 et seq.;

n. Whether the Class are entitled to restitution; and,

o. Whether Plaintiff and the Class are entitled to attorneys' fees and expenses, and in what amount.

51.  **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff and the putative class members each purchased Easy HD Visor during the Class Period, and the products purchased by Plaintiff and the putative class members contained unfairly deceptive, unlawful and misleading representations and concealments.

52.  **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff is a typical purchaser of Easy HD Visor and has no conflicts of interest with any member of the proposed Class. Additionally, Plaintiff has retained counsel with experience in handling complex class action litigation that will fairly and adequately protect the interests of the putative class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and Plaintiff's Counsel has the financial resources to do so.

53.  **Superiority:** Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. This class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy. The relief sought per individual member of the putative class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendants. Furthermore, it would be virtually impossible for the putative class members to seek redress on an individual basis. Even if the putative class members themselves could afford such

- 13 -

1   individual litigation, the court system could not. Individual litigation magnifies the delay and

2   expense to all parties in the court system of resolving the controversies engendered by

3   Defendants' common course of conduct.  The class action device allows a single court to provide

4   the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all

5   class members' claims in a single forum.  The conduct of this action as a class action conserves

6   the resources of the parties and of the judicial system and protects the rights of the class members.

7   Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an

8   opportunity for legal redress and justice.

9       54.     Adjudication of individual class members' claims with respect to Defendants

10  would, as a practical matter, be dispositive of the interests of other members not parties to the

11  adjudication, and could substantially impair or impede the ability of other class members to

12  protect their interests.

13      55.     Unless a classwide injunction is issued, Defendants will continue to commit the

14  violations alleged, and the members of the Class will continue to be misled.

15                     **FIRST CAUSE OF ACTION**
                **VIOLATION OF UNFAIR COMPETITION LAW**
16                **(CAL. BUS. & PROF. CODE § 17200, *et seq.*)**
                **(Unlawful, Unfair, and Fraudulent Prongs of the Act)**
17

18      56.     Plaintiff incorporates by this reference the allegations contained in the preceding

19  paragraphs as if fully set forth herein.

20      57.     Plaintiff brings this claim individually and on behalf of the proposed Class against

21  Defendants.

22      58.     California Business and Professions Code § 17200 prohibits any "unfair,

23  deceptive, untrue or misleading advertising." For the reasons discussed above, Defendants have

24  engaged in unfair, deceptive, untrue and misleading advertising in violation of California

25  Business & Professions Code §17200.

26      59.     As alleged herein, Plaintiff has standing to pursue this claim as Plaintiff has

27  suffered injury in fact and has lost money or property as a result of Defendants' actions.

28  Specifically, Plaintiff purchased Easy HD Visor for his own personal use.  In so doing, Plaintiff

- 14 -

1  relied upon the false representations regarding Easy HD Visor referenced above. Plaintiff would

2  not have purchased Easy HD Visor had he known that Defendants' claims about the products

3  were false and that Defendant's shipping and processing charges were unlawful.

4      60.  **Unlawful Business Practices:** The actions of Defendants, as alleged herein,

5  constitute illegal and unlawful practices committed in violation of the Business & Professions

6  Code §17200.

7      61.  Defendants have committed unlawful business practices by, *inter alia*, making the

8  representations and omissions of material facts, as set forth more fully herein, and violating

9  California Civil Code §§ 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code §

10 17200 *et seq.*, Business & Professions Code § 17500, *et seq.*, Business & Professions Code §

11 17537, and the common law.

12     62.  In addition, Defendants have unlawfully manufactured, packaged, labeled,

13 advertised, and/or distributed Easy HD Visor in violation of Bus. & Prof. Code § 17500, Civil

14 Code §1750, which govern Defendant's conduct.  Defendants also violated the unlawful prong of

15 the UCL because their false advertising of Easy HD Visor, as set forth above, violates the FTC

16 Act (15 U.S.C. §45, *et seq.*) as set forth above.

17     63.  Plaintiff and the Class reserve the right to allege other violations of law which

18 constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this

19 date.

20     64.  **Unfair Business Practices**: California Business & Professions Code § 17200 also

21 prohibits any "unfair ... business act or practice."

22     65.  Defendants' acts, omissions, misrepresentations, practices and non-disclosures as

23 alleged herein also constitute "unfair" business acts and practices within the meaning of Business

24 & Professions Code § 17200 et seq. in that its conduct is substantially injurious to consumers,

25 offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of

26 the conduct outweighs any alleged benefits attributable to such conduct.

27     66.  There were reasonably available alternatives to further Defendants' legitimate

28 business interests, other than the conduct described herein.

- 15 -

**CLASS ACTION COMPLAINT**

67. **Fraudulent Business Practices**: California Business & Professions Code § 17200 also prohibits any "fraudulent business act or practice."

68. Defendants' claims, nondisclosures and misleading statements with respect to Easy HD Visor, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code § 17200.

69. Defendants' conduct caused and continues to cause injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair conduct.

70. Pursuant to section 17203 of the California Business and Professions Code, Plaintiffs and the Class seek an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including but not limited to: (a) selling, marketing, or advertising Easy HD Visor with false representations set forth above; (b) engaging in any of the illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct described herein; and (c) engaging in any other conduct found by the Court to be illegal, fraudulent, misleading, unlawful, unfair and/or deceptive conduct.

71. In addition, Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by means of such illegal practices as provided in Bus. & Prof. Code § 17203, and for such other relief as set forth below.

**SECOND CAUSE OF ACTION**
**FALSE AND MISLEADING ADVERTISING**
**(CAL. BUS. & PROF. CODE § 17500,** *et seq.***)**

72. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

73. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

74. As alleged herein, Plaintiff has standing to pursue this claim as Plaintiff has

- 16 -
**CLASS ACTION COMPLAINT**

1  suffered injury in fact and has lost money or property as a result of Defendants' actions.
2  Specifically, Plaintiff purchased Easy HD Visor for his own personal use. In so doing, Plaintiff
3  relied upon the false representations regarding Easy HD Visor referenced above. Plaintiff would
4  not have purchased Easy HD Visor had he known that Defendants' claims about the products
5  were false and that Defendant's shipping and processing charges were unlawful.

6      75.    Defendants violated Business & Professions Code § 17500 by publicly
7  disseminating false and misleading advertisements regarding Easy HD Visor.

8      76.    Defendants' false and misleading advertisements were disseminated to increase the
9  sales of Easy HD Visor.

10     77.    Defendants knew or should have known that their advertisements for Easy HD
11  Visor were false and misleading.

12     78.    Furthermore, Defendants publicly disseminated the false and misleading
13  advertisements.

14     79.    Defendants violated Business & Professions Code §17537 by charging
15  unreasonable and excessive shipping and processing fees for Easy HD Visor, and charging
16  unreasonable "processing" charges as a condition for the advertised "free" product offer.

17     80.    Plaintiff and the members of the Class have suffered harm as a result of these
18  violations of the FAL because they have incurred charges and/or paid monies for Easy HD Visor
19  that they otherwise would not have incurred or paid.

20     81.    Defendants are aware, or by the exercise of reasonable care should have been
21  aware, that the representations were untrue or misleading.

22     82.    Plaintiff and the members of the Class have suffered injury in fact and have lost
23  money as a result of Defendant's false representations and false advertising.

24     83.    Pursuant to Business & Professions Code § 17535, Plaintiff and the members of
25  the putative Class seek an order of this Court enjoining Defendant from continuing to engage,
26  use, or employ their practice of advertising the sale and use of Easy HD Visor.

27     84.    Likewise, Plaintiff and the members of the putative Class seek an order requiring
28  Defendant to disclose such misrepresentations, and additionally request an order awarding

- 17 -

**CLASS ACTION COMPLAINT**

1  Plaintiffs and other members of the putative class restitution of the money wrongfully acquired by

2  Defendants by means of responsibility attached to Defendants' failure to disclose the existence

3  and significance of said misrepresentations.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LEGAL REMEDIES ACT**
**(CAL. CIV. CODE § 1750 et seq.)**

6   85.    Plaintiff incorporates by this reference the allegations contained in the preceding

7  paragraphs as if fully set forth herein.

8   86.    Plaintiff brings this claim individually and on behalf of the proposed Class against

9  Defendants.

10   87.    As alleged herein, Plaintiff has standing to pursue this claim as Plaintiff has

11  suffered injury in fact and has lost money or property as a result of Defendants' actions.

12  Specifically, Plaintiff purchased Easy HD Visor for his own personal use. In so doing, Plaintiff

13  relied upon the material false representations regarding Easy HD Visor referenced above. Plaintiff

14  would not have purchased Easy HD Visor had he known that Defendants' claims about the

15  products were false and that Defendant's shipping and processing charges were unlawful.

16   88.    Defendants have violated and continue to violate the CLRA by engaging in the

17  following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff

18  and the Class which were intended to result in, and did result in, the sale of Easy HD Visor;

19  §1770(a) (5) Representing that [Easy HD Visor has] ... characteristics, ... uses [or] benefits ...

20  which [it does] not have ... and §1770(a) (7) Representing that [Easy HD Visor is] of a particular

21  standard, quality or grade ... if [it is] of another.

22   89.    Plaintiff notified Defendants as required by Civil Code Section 1782(a) of the

23  violations alleged herein.

24   90.    Defendants' wrongful business practices constituted, and constitute, a continuing

25  course of conduct in violation of the CLRA. Pursuant to *Civil Code* § 1782(d), Plaintiff and the

26  Class seek a Court order enjoining the above-described wrongful acts and practices of Defendants

27  along with any other conduct found by the Court to be illegal, fraudulent, misleading, unlawful,

28

1   unfair and/or deceptive conduct.

2      91.   Plaintiff engaged counsel to prosecute this action and is entitled to recover costs

3   and reasonable attorney's fees according to proof at trial.

4            **FOURTH CAUSE OF ACTION**

5             **COMMON LAW FRAUD**

6      92.   Plaintiff incorporates by this reference the allegations contained in the preceding

7   paragraphs as if fully set forth herein.

8      93.   Plaintiffs bring this claim individually and on behalf of the proposed Class against

9   Defendants.

10      94.   Defendants represented, in a single, consistent and uniform manner, the alleged

11   benefits of Easy HD Visor.

12      95.   Defendants' statements about Easy HD Visor as set forth more fully above are

13   false.

14      96.   Defendants knew or should have known that the representations set forth herein

15   were false when such representations were made and/or made the representations recklessly and

16   without regard for the truth.

17      97.   Plaintiff and the Class reasonably relied upon Defendants' false representations in

18   purchasing Easy HD Visor.

19      98.   Defendants' misleading and fraudulent conduct was knowing, deliberate, wanton,

20   willful, oppressive and undertaken in conscious disregard of, and with reckless indifference to,

21   Plaintiff and members of the Class' interest, and otherwise of the character warranting the

22   imposition of punitive damages pursuant to section 3294 of the Civil Code.

23      99.   Plaintiff and the Class suffered real economic losses and harm as a result of

24   Defendants' intentional misrepresentations and active concealment, as set forth specifically

25   herein.

26      100.   Plaintiff's and the Class' reliance on Defendants' representations were a

27   substantial factor in causing the harm to Plaintiffs and the Class.

28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and as a representative of all other persons similarly situated, prays for judgment against Defendants, as follows:

1. An order certifying that the action may be maintained as a Class Action;

2. An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein.

3. An order requiring Defendants to pay restitution to Plaintiffs and all members of the Class;

4. An order requiring Defendants to pay actual damages to Plaintiffs and all members of the Class;

5. An order requiring Defendants to pay treble damages pursuant to Business & Professions Code §17537;

6. An order requiring Defendants to pay punitive damages to Plaintiff and all members of the Class;

7. For pre-judgment interest from the date of filing this suit;

8. For reasonable attorneys' fees;

9. Costs of this suit; and,

10. Such other and further relief as the Court may deem necessary and appropriate.


DATED: August 7, 2014                    **MILSTEIN ADELMAN LLP**


By: _____
Gillian L. Wade
Allison R. Willett
Attorneys for Plaintiff

- 20 -
**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims for which the right to jury trial is provided.

DATED: August 7, 2014          **MILSTEIN ADELMAN LLP**

By: _____
Gillian L. Wade
Allison R. Willett
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**

1  **FEDERAL COURT PROOF OF SERVICE**

2  ***DEMIRJIAN v. NORMAN DIRECT, LLC, etc., et al.*** - File No.

3  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4  At the time of service, I was over 18 years of age and not a party to the action.  My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012.  I am
5  employed in the office of a member of the bar of this Court at whose direction the service was made.

6  On September 15, 2014, I served the following document(s):  **NOTICE OF REMOVAL**

7  I served the documents on the following persons at the following addresses (including fax
8  numbers and e-mail addresses, if applicable):

9  MILSTEIN ADELMAN, LLP
Gillian L. Wade, SBN: 229124
10  2800 Donald Douglas Loop North
Santa Monica, CA 90405
11  Tel:  (310) 396-9600
Fax:  (310) 396-9635

12  The documents were served by the following means:

13  ☒  (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to
14  the persons at the addresses listed above and I deposited the sealed envelope or package
with the U.S. Postal Service, with the postage fully prepaid.
15
16  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

17  Executed on September 15, 2014, at Los Angeles, California.

18

19  _____
SUE VIGIL
20

21

22

23

24

25

26

27

28

4822-4155-8558.1